IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

v.

OMAYRA PEREIRA ESTRADA,

Defendant.

CRIM. NO. 16-776 (PG)

**PLEA AGREEMENT**
(Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) & (B))

TO THE HONORABLE COURT:



COMES NOW the United States of America, by and through the undersigned attorneys, and Omayra Pereira Estrada, Defendant, by and through defendant's counsel, Ignacio Rivera, Esquire, pursuant to Rule 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure, and state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **COUNT(S) TO WHICH THE DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to Count One of the Indictment. Count One charges that the defendant violated 18 U.S.C. § 1347 (Health Care Fraud).

2. **STATUTORY MAXIMUM PENALTIES**

The defendant understands that the statutory maximum penalty for the offense of conviction is as follows: For Count One, a term of imprisonment of not more than ten (10) years, pursuant to 18 U.S.C. § 1347; a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583; and a fine not to exceed $250,000, pursuant to 18 U.S.C. § 3571.

The defendant also understands that there is a special monetary assessment of $100.00 per count of conviction, pursuant to 18 U.S.C. § 3013(a).

The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. The defendant understands that he cannot have the imposition or execution of the sentence suspended and that parole has been abolished.

3. **FINES AND RESTITUTION**

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also that the Court may impose restitution. As part of this Agreement, the defendant agrees to execute a financial statement to the United States (OBD Form 500).

The defendant agrees to pay full restitution to Medical Card System in an amount to be determined by the Court.

4. **RULE 11(c)(1)(B) WARNINGS**

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge, but also that the sentence may be imposed following the United States Sentencing Guidelines, Policy Statements, Application, and Background Notes, which are advisory to the Court's imposition of sentence. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Agreement.

5. **ADVISORY NATURE OF THE UNITED STATES SENTENCING GUIDELINES**

The defendant is aware that pursuant to the order of the Supreme Court of the United States, in the case of United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are not mandatory and are advisory only.

6. **UNITED STATES RESERVATION OF RIGHTS**

The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the probation office in connection with that office's preparation of a presentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with opposing counsel and the probation office.

7. **SENTENCING GUIDELINE CALCULATIONS**

The United States and the defendant agree that the following Sentencing Guidelines calculations apply:

| Sentencing Guidelines Calculations Table | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Guideline | Description | | | | | | | Level |
| § 2B1.1(a)(2) | Base Offense Level | | | | | | | 6 |
| 2B1.1(B) | Amount of value, benefit, or loss $15,000.00 | | | | | | | +2 |
| 3B1.3 | Abuse of Trust or use of Special Skills | | | | | | | +2 |
| § 3E1.3 | Acceptance of Responsibility | | | | | | | -2 |
| Sentencing Ranges | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | Total Offense Level |
| | 08 | 000-006 | 004-010 | 006-012 | 010-016 | 015-021 | 018-024 | 8 |

8. **SENTENCE RECOMMENDATION**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to recommend to the Court that the defendant be sentenced to a term of probation of one year.

9. **NO FURTHER ADJUSTMENTS, DEPARTURES OR VARIANCE**

The United States and the defendant agree that no further adjustments or departures to the defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553 shall be sought by the parties. The parties agree that any request by the defendant for a sentence below the recommendation specified by this Agreement will constitute a material breach of this Agreement.

10. **WAIVER OF APPEAL**

The defendant knowingly and voluntarily waives the right to appeal the judgment and sentence in this case, provided that the defendant is sentenced in accordance with the terms and conditions set forth in the Sentence Recommendation provisions of this Plea Agreement.

11. **DISMISSAL OF REMAINING COUNTS**

At sentencing, the United States will request the Court the dismissal of any and all remaining counts in the indictment against the Defendant, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

12. **BREACH OF AGREEMENT**

Any failure by any party to recommend the agreed upon sentence to the Court will constitute a material breach of this agreement, in which event the non-breaching party would be liberated from all of its obligations under the agreement.

13. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

14. **SATISFACTION WITH COUNSEL**

The defendant represents to the Court to be satisfied with counsel, Ignacio Rivera, Esquire, and indicates that counsel has rendered effective legal assistance.

15. **RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this Agreement, defendant surrenders certain rights as provided in this Agreement. Defendant understands that the rights of criminal defendants include the following:

a. If the defendant had persisted in a plea of not guilty to the charges, the defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and

defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

**16. STIPULATION OF FACTS**

The accompanying Stipulation of Facts signed by the defendant is hereby incorporated into the Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt. Further, the defendant agrees that said statement of facts may be used by the sentencing judge in determining the application of any sentencing guidelines in the instant case.

**18. LIMITATIONS OF PLEA AGREEMENT**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities. Furthermore, the defendant is fully aware that the Court is not bound by this Plea Agreement, including but not limited as to: advisory sentencing guidelines calculations, stipulations, and/or sentence recommendations.

**19. ENTIRETY OF PLEA AGREEMENT**

This written plea agreement and the plea agreement supplement constitutes the complete Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in the plea agreement

and plea agreement supplement and deny the existence of any other term and conditions not stated herein.

20. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

21. **VOLUNTARINESS OF GUILTY PLEA**

The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

_____
**Jose Capo-Iriarte**
Assistant United States Attorney
Chief, Criminal Division
Dated: 2/15/17

_____
**Myriam Fernandez-Gonzalez**
Assistant United States Attorney
Deputy Chief, Financial Crimes and
Corruption Unit
Dated: 2.15.2017

_____
**Omayra Pereira Estrada**
Defendant
Dated: 28 MAR 17

_____
**Ignacio Rivera, Esq.**
Counsel for Defendant
Dated: 28 MAR 17

## ACKNOWLEDGMENT

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement it to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

_28 MAR 17_
Date

_Omayra Pereira Estrada_
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

_28 MAR 17_
Date

_Ignacio Rivera, Esq._
Counsel for the Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility for defendant's violation of the offense of conviction. If this matter had proceeded to trial, the United States would have presented evidence through live testimony, physical evidence, and documentary evidence, which would have proven beyond a reasonable doubt the following:

Defendant, Omayra Pereira Estrada ("Pereira") was a self-employed physician operating a medical services business that mostly operated inside supermarkets and primarily consisted of a small cubicle where the doctor would treat the patient and a desk where the secretary/nurse would gather the personal information collected from the patient. The majority of these patients would make a one-time visit to these clinics and would not return to the treating physician for follow-up visits.

Innovative Medical Group, Melpo CSP and Rapid Clinic CSP were are all identified as multispecialty groups within the MCS provider network. The defendant, Pereira was President and Administrator of previously mentioned multispecialty groups within MCS. Innovative Medical Group's bank account was in her name.

Defendant Pereira Estrada advertised for and hired general physicians on behalf of the aforementioned corporations to provide general medicine services at numerous locations rented inside supermarkets where these physicians would render a professional service to the corporations and would receive payment commensurate to the services that they provided to Pereira's corporations. These physicians would not submit claims for the patients treated by them at Pereira's various clinics. The medical billing was done by the corporations own by Pereira.

The defendant, through her corporations registered through MCS, continued to use former employed physicians' National Provider Identification Number (NPI) and to bill for services including face-to-face office visits, allegedly performed by Dr. L.R.F. among others, which were never in fact performed due to the fact that Dr. L.R.F and others were no longer working for the defendant throughout 2013. The defendant fraudulently billed Medicare $15,480.00 (total amount billed to MCS Advantage for services rendered allegedly by Dr. L.R.F. in 2013) and caused Medicare to make payments in one of her companies MEDIEX based on these false and fraudulent claims.

The defendant agrees and recognizes that the United States has provided discovery in this case.

_____
Omayra Pereira Estrada
Defendant
Dated: 28 MAR/17

_____
Myriam Y. Fernández-González
Assistant United States Attorney
Dated: 2-15-2017

_____
Ignacio Rivera, Esq.
Counsel for Defendant
Dated: 28 MAR 17